# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05 CR 813 |
| v. | Judge James B. Zagel |
| WALTER THORNTON. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The facts in this case have been well-recited elsewhere, and I need not repeat the exercise here. *See United States v. Thornton*, 539 F.3d 741, 742-45 (7th Cir. 2008).

A jury found Walter Thornton guilty of attempted robbery in violation of 18 U.S.C. § 2113(a)[1] and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Thornton moved for a judgment of acquittal under Federal Rule of Civil

---

[1] 18 U.S.C. § 2113(a) reads:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

> Shall be fined under this title or imprisoned not more than twenty years, or both.

Procedure 29(a) and (c) and moved for a new trial pursuant to Rule 33. I denied his motions, entered judgment on the verdict, and sentenced Thornton to a total of 132 months' imprisonment on both counts. Thornton appealed, and on August 26, 2008, after determining that the jury instructions "did not require the jury to find actual intimidation, thus omitting an essential element necessary for a conviction[,]" the Court of Appeals reversed the conviction on both counts and instructed that a judgment of acquittal be entered.

On August 28, 2008, the government filed a superseding indictment charging Thornton with: (1) conspiracy under 18 U.S.C. § 371 to commit a § 2113(a) ¶ 1 bank robbery; (2) attempted bank robbery under paragraph two of § 2113(a); (3) possession of a firearm in furtherance of a conspiracy to commit bank robbery, in violation of § 924(c); and (4) forfeiture. Thornton now moves to dismiss the superseding indictment.

## II. DISCUSSION

Thornton asserts the following: (1) Count II fails on double jeopardy grounds because the § 2113(a) paragraph two charge is a lesser-included offense of the paragraph one charge on which Thornton was acquitted; (2) Count I fails based on the factual insufficiency of the indictment and fundamental fairness; and (3) Count III fails because it is predicated on Count I, a conspiracy charge, which is not a "violent crime" for the purposes of a § 924(c) weapons enhancement. I will address each of these claims in turn.

### A. Count II - Attempted Robbery Under § 2113(a) Paragraph Two

Thornton maintains that the first and second paragraphs of § 2113(a) constitute a single offense, and that because Thornton was acquitted on the § 2113(a) paragraph one charge, the government's attempt to re-prosecute him under paragraph two violates the double jeopardy

clause of the Fifth Amendment. In its response, the government argues that the two paragraphs constitute separate offenses, and therefore Count II of the superseding indictment does not violate the double jeopardy clause. This precise issue was before me in *United States v. Loniello*, No. 07 CR 336, 2009 WL 212124, at *2-6 (N.D. Ill. Jan. 28, 2009). Based on the reasoning applied in that case, I reach the same conclusion that the two paragraphs of § 2113(a) constitute a single offense. Because Thornton has already been acquitted on the § 2113(a) paragraph one charge, the government's indictment under § 2113(a) paragraph two is barred by double jeopardy. Therefore, Count II of the superseding indictment is dismissed.

**B. Count I - Conspiracy Under 18 U.S.C. § 371 To Commit A § 2113(a) ¶ 1 Robbery**

In order to sustain a conspiracy charge under § 371, the government must allege facts sufficient to show (1) an agreement between two or more persons to commit an unlawful act, (2) that the defendant was a party to the agreement, and (3) an overt act by one of the co-conspirators in furtherance of the conspiracy. *United States v. Jones*, 950 F.2d 1309, 1313 (7th Cir. 1991). In this case, the unlawful act alleged by the government is a bank robbery by force and violence or intimidation, in violation of § 2113(a) paragraph one. Thornton argues that Count I should be dismissed because although the grand jury transcripts reveal conversations about bank robbery in general, there is no evidence of agreement and certainly not of any agreement to commit the robbery by force and violence or intimidation.[2] However, "the government need not establish

---

[2] Thornton also argues in a footnote that the indictment should be dismissed because it is procedurally defective for failing to allege an overt act in furtherance of the conspiracy. "[T]he indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense." *Collins v. Markley*, 346 F.2d 230, 232 (7th Cir. 1965). However, "[t]he sufficiency of an indictment should be determined by practical rather than technical considerations." *Id.* While in this case an overt act is not alleged in the conspiracy count, the attempt count can itself be construed as an overt act in furtherance of the conspiracy, thus putting Thornton on notice as to the nature of the overt act the government is charging.

3

that there existed a formal agreement to conspire; circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship between the parties, their overt acts, and the totality of their conduct may serve as proof." *Id.* The government presented to the grand jury testimony regarding Thornton's express agreement with Moore to rob the bank, the detailed plans of how they would accomplish the robbery, and Moore's knowledge that Thornton had purchased a gun. The government need not show a formal agreement with regard to the gun itself. The circumstantial evidence is sufficient to warrant the inference that Moore knew Thornton planned to use the gun and that Thornton had it with him on the day of the attempted robbery.

Thornton further argues that Count I should be dismissed because the re-prosecution violates principles of due process and sound public policy. He argues that a re-prosecution for conspiracy runs afoul of the "community's sense of fair play" inherent within the Double Jeopardy Clause, and that due process mandates that a defendant should not be subjected to "repeated risks of conviction for the same conduct…" *United States v. Bailin*, 977 F.2d 270, 277 (7th Cir. 1992) (discussing the policy reasons underlying the double jeopardy clause). However, the law is well-settled that re-prosecution for conspiracy violates neither the double jeopardy clause, nor the principles underlying it. "[A] conspiracy to commit a crime is a separate offense from the crime itself." *U.S. v. Felix*, 503 U.S. 378, 391 (1992). Double jeopardy does not bar re-prosecution for conspiracy based on the same underlying incident as a previous prosecution for the substantive crime. *Id.* at 389-90. Nor does a subsequent prosecution for conspiracy pose a "repeated risk[] of conviction for the same conduct." *Bailin*, 977 F.2d at 277. "[T]he same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself." *Felix*, 503 U.S. at 390 (defendant's

prosecution for conspiracy in connection with his operation of a drug manufacturing facility was not barred by double jeopardy where he was previously tried for attempt to manufacture illegal drugs); *see also United States v. James*, 109 F.3d 597, 600-01 (9th Cir. 1997) (upholding defendant's indictment for conspiracy to commit bank robbery after he was previously acquitted on three bank robbery charges); *United States v. Felix*, 503 U.S. 378, (1992).

Although double jeopardy does not bar the conspiracy indictment in this case, collateral estoppel does apply. *See Bailin*, 977 F.2d at 276 (noting that where double jeopardy does not apply to bar successive prosecution for a related but different offense, collateral estoppel may apply where the second prosecution requires the relitigation of facts already determined by the first prosecution); *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). Thornton was acquitted of the previous robbery charge against him because the government failed to prove that Thornton used actual force and violence or intimidation. *Thornton*, 539 F.3d at 751. I agree with Thornton that the government is barred from relitigating facts used at trial to establish force and violence or intimidation. *See United States v. James*, 109 F.3d 597, 601 (defendant's "acquittals in three prior bank robbery counts preclude their subsequent use as overt acts of a related conspiracy charge[,]" where "acquittals involve ultimate issues that have already been conclusively determined adversely to the Government."). However, at this time, I leave undecided what facts are barred.

Finally, Thornton argues the re-prosecution should be barred on policy grounds. He accuses the government of gamesmanship and overreaching, alleging that it should have initially

5

charged Thornton with a violation of paragraph two, rather than charging him under paragraph one in an attempt to garner a conviction to which a firearm count, and enhanced sentence, could be added. While it is true that the Seventh Circuit has determined that a proper reading of the first paragraph of § 2113(a) requires actual force and violence or intimidation even where attempt is charged, the Circuit Courts are split on the issue. *Thornton*, 539 F.3d at 747. As noted in the appellate opinion, the Second, Fourth, Sixth, and Ninth Circuits "have concluded that an attempt to use force and violence or intimidate is sufficient" under § 2113(a) ¶ 1. *Id.* The government's reading of the statute, and the subsequent jury instructions, do not appear to be a blatant effort at gaming the system, but rather support what four other circuits maintain to be a plausible application of the statute. The government could not have known with certainty at the time of the indictment that its interpretation would be rejected by the Seventh Circuit. Thornton's suggestion that without some consequence the government will continue to stretch statutory language to suit itself is unduly harsh.

Thornton further submits that sanctioning the government's decision to bring a second prosecution for a conspiracy charge encourages the waste of judicial resources. Although it might have been more expedient to charge conspiracy in the original indictment, it was not inappropriate for the government to bring the charge in the superseding indictment. Collateral estoppel "may bar a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts. But this does not establish that the Government must... bring its prosecutions... together. It is entirely free to bring them separately, and can win convictions in both." *United States v. Dixon*, 509 U.S. 688, 705 (1993) (citation omitted). It is therefore unnecessary to dismiss the indictment on this ground.

6

**C. Count III - Possession of a Firearm in Furtherance of a Conspiracy to Commit Bank Robbery, in Violation of 18 U.S.C. § 924(c)**

Thornton seeks dismissal of Count III on the grounds that a § 371 conspiracy is not a crime of violence for purposes of § 924(c).[3] A sentence enhancement under § 924(c) must be predicated on a "crime of violence," defined by the statute as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

"When defining 'crime of violence' under § 924(c)(3) . . ., courts consistently look to the acts that constituted the crime of conviction and not to the underlying conduct." *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997). "An offense such as conspiracy neither has the use of physical force as an element, § 924(c)(3)(A), nor 'by its nature' creates a substantive risk that physical

---

[3] 18 U.S.C. § 924(c) states in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

force will be used, § 924(c)(3)(B)." *Id.* The government argues that when a conspiracy exists to commit a crime of violence, the conspiracy itself poses a substantial risk of violence, qualifying it as a crime of violence under § 924(c)(3)(B). However, in support of this proposition, the government cites cases involving a Hobbs Act conspiracy, which explicitly requires violence,[4] and cases where the issue was whether the defendant could be guilty of a § 924(c) violation under a *Pinkerton* theory.[5] None of these cases addresses the issue involved here, and I find the government's argument unpersuasive.[6]

---

[4] The government cites *United States v. Elder*, 88 F.3d 127 (2nd Cir. 1996). That case involves a conspiracy under 18 U.S.C. § 1951, not § 371. 18 U.S.C. § 1951 (Hobbs Act) states, in part:
> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

[5] The government cites *United States v. Graziano*, 2008 WL 4190957, at *13 n.12 (E.D.N.Y. Sept. 10, 2008) and *United States v. Hodges*, 2008 WL 2436150, at *2 (7th Cir. June 17, 2008).

[6] The government also points to Eighth and Ninth Circuit cases holding that conspiracy to commit bank robbery satisfies the crime of violence requirement under § 924(c). *See United States v. Johnson*, 962 F.2d 1308, 1311-12 (8th Cir. 1992) *and United States v. Harper*, 33 F.3d 1143, 1149 n.5 (9th Cir. 1994). However, in *Bush*, the Seventh Circuit instructs us to look to the acts constituting the crime, and not to the underlying conduct. *Bush*, 133 F.3d at 457. It is worth noting that *Bush* predates *James v. United States*, 550 U.S. 192 (2007), 127 S.Ct. 1586, 1594-1598, where the Court determined that attempted burglary under Florida law does qualify as a "crime of violence." Florida law requires "an overt act directed toward entry of a structure," and the Court found that the risk of physical injury presented by burglary and attempted burglary is comparable where such an overt act is required, since both crimes involve "the possibility that an innocent person might appear while the crime is in progress." *Id.* at 1595-96. However, an application of this analysis to the crime of conspiracy to commit bank robbery yields a different result. The overt act required under § 371 need simply be one in furtherance of the conspiracy, a broader requirement than that under Florida law for attempted burglary. In applying the Supreme Court's categorical approach in *James* to the crime of conspiracy, the Tenth Circuit reasoned that

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied as to Count I of the superseding indictment, and granted as to Counts II and III.

ENTER:

James B. Zagel
United States District Judge

DATE: February 12, 2009

---

"many overt acts sufficient to sustain a [] conspiracy conviction create no risk of a violent confrontation between the defendant and an individual interacting with the co-conspirator while the overt act is being committed," thus holding that conspiracy to commit burglary under state law is not a violent felony for the purposes of § 924(e)(2)(B). *United States v. Fell*, 511 F.3d 1035, 1044 (10th Cir. 2007). I find this reasoning persuasive and do not believe that *James* affects the outcome in this case.